IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

ERIC D. HALL,

Plaintiff,

v.

AFFORDABLE DENTURES DENTAL LABORATORIES, LLC and AFFORDABLE CARE, LLC,

Defendants.

Case No. 6:26-cv-00977-AP

**OPINION & ORDER**

POTTER, United States Magistrate Judge:

Plaintiff Eric Hall brings this action against Defendants Affordable Dentures Dental Laboratories, LLC and Affordable Care, LLC, seeking relief for violations of ORS 659.815 and ORS 659.820, fraudulent inducement, promissory estoppel, and breach of the duty of the covenant of good faith and fair dealing. Pl.'s First Am. Compl. 3, ECF No. 7 (FAC).

Before the Court is Defendants' motion to set aside an entry of default and strike Plaintiff's FAC. Defs.' Mot., ECF No. 11. Plaintiff has also moved for the imposition of sanctions. Pl.'s Mot. Sanctions, ECF No. 14. All parties have consented to jurisdiction by a U.S. Magistrate Judge. ECF No. 18.

Because Plaintiff failed to make a good faith effort to confer with Defendants before filing a request for entry of default, Defendants' motion to set aside the entry of default is granted. Defendants' motion to strike Plaintiff's FAC is denied. Plaintiff's request for sanctions is denied.

## BACKGROUND

Plaintiff initiated this action on April 14, 2026, in Deschutes County Circuit Court in the State of Oregon. Notice Remov. Ex. 2, at 6, ECF No. 1. On May 15, 2026, Defendants removed the action to this court under 28 U.S.C. § 1446(a), on the basis of diversity jurisdiction. Notice Remov. ¶¶ 1–14. Defendants filed an answer to Plaintiff's initial complaint on June 1, 2026. Answer 1, ECF No. 4. Plaintiff filed his FAC the next day. ECF No. 7.

After Defendants failed to file a responsive pleading or other Rule 12 motion, Plaintiff requested entry of default on all Defendants on June 24, 2026. ECF No. 8. The Clerk entered default as to both defendants on June 26, 2026. Clerk's Entry Default, ECF No. 10. Defendants subsequently filed their motion to set aside the entry of default on July 1, 2026. Defs.' Mot. Defendants additionally requested that the court strike Plaintiff's FAC in the same motion. *Id.* On July 10, 2026, Plaintiff filed a request for monetary sanctions. Pl.'s Mot. Sanctions.

## STANDARDS

Judgment by default is a "drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984). The court, in its discretion, "may set aside an entry of default for 'good cause'" under Federal Rule of Civil Procedure 55(c). *Franchise Holding II, LLC. v. Huntington Restaurants Grp., Inc.*, 375 F.3d 922, 925 (9th Cir. 2004).

A court may strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The purpose of Rule 12(f) is to help "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other*

*grounds*, 510 U.S. 517 (1994)). The disposition of a motion to strike is within the discretion of the district court. *Fed. Sav. & Loan Ins. Corp. v. Gemini Mgmt.*, 921 F.2d 241, 244 (9th Cir. 1990). However, motions to strike are generally disfavored and infrequently granted. *Bogazici Hava Tasimaciligi A.S. v. McDonnell Douglas Corp.*, 932 F.2d 972 (9th Cir. 1991).

The Court has several distinct sources of authority for imposing sanctions. Plaintiff's request for monetary sanctions did not cite authority. Because the misconduct being alleged involved an "unnecessary delay," occurred prior to the commencement of discovery, and the Plaintiff seeks repayment for expenses, the Court will construe Plaintiff's motion as operating under Fed. R. Civ. P. 11. The Court has discretion to impose sanctions on counsel pursuant to Rule 11 to "reduce frivolous claims, defenses or motions" and to deter "costly meritless maneuvers" to avert "delay and unnecessary expense in litigation." *Golden Eagle Distrib. Corp. v. Burroughs Corp.,* 801 F.2d 1531, 1536 (9th Cir. 1986).

## DISCUSSION

### I. Motion to Set Aside Entry of Default

Defendants argue that the Court should set aside the Clerk's entry of default under Federal Rule of Civil Procedure 55(c) as Plaintiff's request for default did not comply with Local Rule 55-1. Defs.' Mot. 4.

Local Rule 55-1 compels parties to "make a good faith effort to confer before a motion or request for default is filed." LR 55-1. The rule also states that when a party against whom an order or judgment of default is requested has appeared on an action, Local Rule 7-1 applies. LR 55-1. At the time Plaintiff requested an entry of default, Defendants had filed an appearance in the present action, thus compliance with LR 7-1 was required. Turner Decl. at ¶ 1; LR 55-1.

Local Rule 7-1 requires that parties must certify in the first paragraph of every motion that they have "made a good faith effort through personal or telephone conferences . . . or the opposing party willfully refused to confer." LR 7-1. When a party's filing falls out of compliance with the requirements of Local Rule 55-1, a court may set aside an entry of default. *Grange v. Collateral Recovery LLC*, No. 3:21-CV-00237-YY, 2021 WL 3141502, at *2 (D. Or. July 26, 2021).

The purpose of both Local Rule 7-1 and Local Rule 55-1 is to allow meaningful opportunity for the parties to engage in a dialogue with one another to resolve a dispute without the need for court intervention. Plaintiff made no such good faith effort to confer with Defendants prior to his request for entry of default in violation of Local Rule 55-1. Turner Decl. at ¶ 3. Consequently, his request for entry of default did not comply with Local Rule 7-1 as it did not contain the compulsory certification of an attempt to confer with Defendants. Pl.'s Mot. 4.

District courts "have broad discretion in interpreting and applying their local rules." *Miranda v. S. Pac. Transp. Co.*, 710 F.2d 516, 521 (9th Cir. 1983) (citing *Lance, Inc. v. Dewco Services, Inc.*, 422 F.2d 778, 783–84 (9th Cir. 1970)). Because Plaintiff failed to abide by Local Rule 55-1, the default entered on June 26, 2026, should be set aside.

## II. Motion to Strike Plaintiff's First Amended Complaint

Defendant next argues that the court should strike Plaintiff's FAC because Plaintiff failed to include and attach a redlined version of their previous pleading as an exhibit to the FAC, in violation of Local Rule 15-1(b). Defs.' Mot. 8.

The rules allow for a party to "amend its pleading once as a matter of course no later than … 21 days after service of a responsive pleading" if it is to one which a responsive pleading is required. Fed. R. Civ. P. 15(a)(1). Plaintiff filed his FAC on June 2, 2024, a day after Defendants

filed their answer to Plaintiff's initial complaint, well within the statutory timeline. Pl.'s FAC at 5; Fed. R. Civ. P. 15(a)(1). Defendants do not argue that Plaintiff's FAC was not done as of right, nor do they raise any deficiencies of the FAC outside of Plaintiff's noncompliance with Local Rule 15-1(b). Defs.' Mot. 8.

Motions to strike are governed by the Rule 12(f) and they are generally disfavoured and infrequently granted. *Legal Aid Services of Or. v. Legal Servs. Corp.*, 561 F.Supp.2d 1187, 1189 (D. Or. 2008) (citations omitted). Defendants move to strike the FAC because it violated Local Rule 15(1)(b). It is true that Plaintiff's FAC did not comply with this rule because the FAC failed to provide an attached exhibit with the "redlined" version of the complaint, indicating where changes were made. This rule is designed to help the parties and the court easily understand "how the amended pleading differs from the operative or superseding pleading." Local Rule 15-1(b). Given the brevity of the pleading, the purpose of Local Rule 15-1(b), and the current posture of the case, to avoid any further waste of time and judicial resources, the Court is exercising its discretion and declining to strike the FAC.

**III. Impose Sanctions on Defendants**

Plaintiff requests that sanctions be imposed against Defendants due to their failure to answer or otherwise respond to the FAC. Counsel for Defendants accounted for their failure to respond due to a "misunderstanding." Turner Decl. at ¶ 6. Specifically, Defendants believed that "plaintiff was required to seek leave of court in order to file his First Amended Complaint." *Id.* Counsel states further that they were "preparing to file a Motion to Strike" on that basis, although such a motion would have also been past the deadline at the time Plaintiff moved for entry of default. Fed. R. Civ. P. 12(f). Either way, it is clear that Defendants failed to meet a deadline.

It is regrettable that counsel for Defendants failed to file a motion to strike prior to their deadline for filing a responsive pleading. Further, Plaintiff first requested entry of default on June 24, 2026. ECF No. 8. The Clerk entered default on June 26, 2026. ECF No. 10. Defendants failed to respond to either event until July 1, 2026. Defendant argues that "a speedier response to the entry of default would not have likely been practicable." Defs.' Mot. 6. While a response to the motion to default may not have been possible, best professional practice would have been for counsel to immediately confer with Plaintiff on the matter and, at a minimum, immediately file a motion with the Court seeking an extension of time to respond. This could have been accomplished in the day or two immediately after Defendant first sought entry of default, both of which were working days for the Court.

Nevertheless, the Court does not find that Rule 11 sanctions are allowable or appropriate for these circumstances. Rule 11 is for circumstances where a party or their attorney of record has presented to the court "a pleading, written motion, or other paper" without legal or factual basis, or for an improper purpose. Fed. R. Civ. P. 11(b). "Rule 11 is an extraordinary remedy, one to be exercised with extreme caution." *In re Keegan Mgmt. Co.*, *Sec. Litig.*, 78 F.3d 431, 437 (9th Cir. 1996) (citing *Operating Eng'rs Pension Tr. v. A–C Co.*, 859 F.2d 1336, 1345 (9th Cir. 1988). Rule 11 sanctions are only appropriate in "the rare and exceptional case where the action is clearly frivolous, legally unreasonable . . . or brought for an improper purpose." *Operating Eng'rs Pension Tr.*, 859 F.2d at 1344.

Here, the alleged misconduct is not connected to any improper filing by the Defendant, but rather to mere neglect and an apparent "misunderstanding" regarding civil procedure. Turner Decl. at ¶ 6. Rule 11 is not designed to simply be a punishment against a party or counsel for missing a deadline. Further, Plaintiff's motion for sanctions failed to comply with Rule 11's

procedural requirements, as it did not include a statement that explains "the specific conduct that allegedly violates Rule 11(b)," nor did it provide opposing counsel with an opportunity to withdraw or correct the conduct that gave rise to sanctions. Fed. R. Civ. P. 11(c)(2). For these reasons, sanctions are not warranted.

**CONCLUSION**

Defendants' Motion to Set Aside Entry of Default and Strike First Amended Complaint (ECF No. 11) is GRANTED in part and DENIED in part. Specifically, Defendants' motion to set aside entry of default is GRANTED and Defendants' motion to strike is DENIED. The FAC (ECF No. 7) is now the operative complaint. Defendants shall file a responsive pleading or other defense pursuant to Rule 12 within 21 days.

Plaintiff's Motion for Monetary Sanctions (ECF No. 14) is DENIED.

IT IS SO ORDERED.

DATED this 16th day of October, 2026.

/s/Amy E. Potter
AMY E. POTTER
United States Magistrate Judge